1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 W. Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
MARCO RASTELLI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

MARCO RASTELLI, individually and
on behalf of all others similarly situated,

                    Plaintiff,

        vs.

DIAZ AND ASSOCIATES, INC. and
DOES 1 through 20, inclusive,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 8:22-cv-430

**[CLASS ACTION]**

**COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES, 15
U.S.C. § 1692** *et. seq.*

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1.     Plaintiff MARCO RASTELLI ("Plaintiff") brings the instant class action claims against Defendant Diaz and Associates ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*.  Defendant conducts its debt collection business in flagrant violation of the FDCPA by systematically and uniformly sending false, deceptive and misleading collection letters to consumer, in violation of their rights guaranteed by 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

2.     Congress enacted the FDCPA because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, the FDCPA's purpose "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices," S. Rep. No. 95-382, at 2 (1977), and to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## JURISDICTION

3.     This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arise under the FDCPA.  This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## PARTIES

5.      Plaintiff is an adult individual residing in Los Angeles County, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

6.      Defendant is a Nevada corporation with its principal place of business located in Tustin, California.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.**     **The Account**

7.      Plaintiff opened a line of credit and incurred a "debt" with Kinnecta Federal Credit Union arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purpose**,** and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5) (hereinafter "The Account").

8.      Plaintiff last made payment on the account in 2014.  The Account subsequently went into arrears and is now beyond the statute of limitations.

9.      Thereafter, Defendant obtained the Account from Kinnecta Federal Credit Union attempted to collect the debt owed on the Account from Plaintiff.

**B.**     **The Unlawful Collection Letter**

10.     On or about February 18, 2022, Defendant sent Plaintiff a collection letter. A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

11.      In pertinent part, the letter states:

-3-

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

"Once the funds for the above referenced account have cleared your bank, Diaz & Associates, Inc. will release you from all claims & liabilities pertaining to this account.

…

Sincerely,

Victor Diaz

Legal Administrator"

12.     The gratuitous use of legal terminology (e.g. "claims & liabilities" … "Legal Administrator"), along with Defendant's claim that there are pending claims and liabilities that Plaintiff is not released from, would lead Plaintiff, as well as the least sophisticated consumer, to believe Diaz & Associates, Inc. was threatening a possible lawsuit against it if it failed to make the payment demanded by Defendant in its letter.

13.     However, as noted *supra*, the Account is beyond the statute of limitations and no legal action can lawfully be taken to collect the debt from Plaintiff.

14.     Moreover, Diaz & Associates Inc. is not a law firm, so it has no lawsuits or legal claims to administrate.  Nor is Victor Diaz an attorney.  Mr. Diaz is the Chief Executive Officer of Defendant, not the Legal Administrator.

15.     Diaz & Associates, Inc.'s threat was false, as neither it, nor its client, nor any present or future party, ever intended or intends to sue Plaintiff over his unpaid consumer debt because it is beyond the statute of limitations.

16.     Diaz & Associates, Inc. made this false threat in an attempt to coerce Plaintiff into paying the balance in full on an alleged debt that was already beyond the statute of limitations, and for which Plaintiff cannot legally be sued.

17.     Diaz & Associates, Inc.'s threat was intended to make the consumer afraid of a lawsuit or other legal action, even though neither it, nor its client, nor any present or future party, ever intended or intends to sue Plaintiff over his unpaid consumer debt.

18.     15 U.S.C. § 1692e of the FDCPA provides as follows:

-4-

**False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2)The false representation of—

(A) the character, amount, or legal status of any debt;

…

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . . .

(10) The use of any false representation or deceptive.”

19.     A statement is deceptive under the FDCPA if it leads the unsophisticated consumer to believe he may be sued, when the debt collector has no intention of filing a lawsuit. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131 (4th Cir. 1996). See *Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343 (E.D.N.Y. 2009). See also *United States v. Nat'l Fin. Servs., Inc., 820 F. Supp. 228* (D. Md. 1993), aff'd, 98 F.3d 131 (4th Cir. 1996); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282 (N.D.N.Y. 2000).

20.     To date, neither Defendant, nor its client, nor any party, has sued Plaintiff for the alleged debt.

21.     The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

**The Class**

22.     Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

23.      Plaintiffs seek to represent a class defined as:

All consumers in the United States who were sent a letter that is identical to or is  substantially  the  same  form  as

the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

**A.    Numerosity**

24.    The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in the United States. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

25.    Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

26.    The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

27.    Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**B.    Common Questions of Law and Fact**

28.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

29.    The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

30.    The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

a)    Did Defendant's letter violate 15 U.S.C. 1692e, e(2)(a), e(5) and e(10)?

**C.    Typicality**

31.    Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendant.

**D.**   <u>**Protecting the Interests of the Class Members**</u>

32.     Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

33.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

34.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**E.**   <u>**Proceeding Via Class Action is Superior and Advisable**</u>

35.     A class action is superior to other available methods for the fair and  efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

36.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

37.     The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

39.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

40.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**F.   <u>Plaintiff and the Putative Class Have Article III Standing</u>**

41.     As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated nationwide consumers, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a.     Invading Plaintiff's and the putative class' right to be free from false, deceptive and misleading efforts to collect debt;

b.     Engaging in the unfair business practice of intentionally using false, deceptive and misleading means to collect a debt;

c.     Impermissibly causing Plaintiff and the putative class confusion as to its obligations and rights in its debt collection communications,

d.     Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain inaccurate and misleading information provided by Defendant in its debt collection letter;

42.     Defendant's above-referenced misrepresentations in its letter confer standing under the FDCPA because the statute protects an individual's concrete interest in being free from abusive debt collection practices, as set forth *supra*.     Defendant's misrepresentations in its letter present a risk of material risk of harm to Plaintiff's interest in being free from abusive debt collection practices.

43.     Being lied to about one's financial affairs in violation of an anti-trickery statute like the FDCPA like Plaintiff was here is a concrete harm. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing). The harm of being affirmatively misled also has the sort of longstanding historical pedigree described in Spokeo, which put Congress on firm footing when it created a right to

-8-

redress in the FDCPA. See, *e.g., Restatement (First) of Torts* § 525 (1938) (liability for fraudulent misrepresentations).

## **FIRST CAUSE OF ACTION**

### **(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e), e(2)(a), & e(10))**

44.     Each and every allegation contained in paragraphs 1 through 53 of this Complaint is repeated, realleged and incorporated herein by reference.

45.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

…

(2)The false representation of—

(A) the character, amount, or legal status of any debt;

…

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . . .

(10) The use of any false representation or deceptive

46.     Defendant mischaracterized the character, amount, or legal status of a debt and threatened legal action against Plaintiff that its neither it, nor its client, nor any present or future party, ever intended or intends to take, in violation of 15 U.S.C. §§ 1692, 1692e(2)(a), 1692e(5) and 1692e(10).

47.     By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## **SECOND CAUSE OF ACTION**

### **(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788.17 *et. seq*.)**

48     Each and every allegation contained in paragraphs 1 through 42 of this Complaint is repeated, realleged and incorporated herein by reference.

49.   Per §1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50.   Defendant violated §§ 1692e, 1692e(2), 1692 e(5) and 1692e(10) of the FDCPA as noted above.   Thus, Defendant's conduct is in direct violation of the RFDCPA.

51.   By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

    a.  That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

    b.  For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

    c.  For statutory damages up to $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *Cal. Civ. §1788.30;*

    d.  For reasonable attorneys' fees and costs of suit; and

    e.  For such further relief as this Court deems necessary, just, and proper.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands a trial by jury in this action

Date:  March 18, 2022                          **MARTIN & BONTRAGER, APC**


By:<u>*/s/ G. Thomas Martin, III*</u>

G. Thomas Martin, III

Attorneys for Plaintiff

**CLASS ACTION COMPLAINT FOR DAMAGES**